C-13-7a
(Rev. 5/04)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

In Re:                                                )        **ORDER CONFIRMING PLAN**
                                                       )                 **CHAPTER 13**
                                                       )
Charles Edward Wimes                                   )        No. B-06-80336   C-13D
Gwendolyn Gillins Wimes                                )
                                                       )
            Debtors.                                   )
                                                       )

        This case came before the Court, after notice and opportunity for hearing, for
confirmation of the Chapter 13 plan proposed in this case; and

        **IT APPEARING** to the Court as follows:

A.      The Trustee in this case is Richard M. Hutson, II, Standing Trustee, Post Office
        Box 3613, Durham, NC 27702;

B.      The attorney for the Debtors is _John T. Orcutt_____;

C.      Under the final plan proposed by the Debtors:

        1.      The Debtors are to make monthly payments to the Trustee which are to be
disbursed by the Trustee in accordance with the plan and this confirmation order;

        2.      The monthly plan payment to the Trustee is $1,977.00 beginning
April 28, 2006;

        3.      Any timely filed priority claims from the following creditors will be paid
in full in deferred payments.

**DOMESTIC SUPPORT OBLIGATION**

The male Debtor has a domestic support obligation for child support which is current in
the amount of $800.00 per month. This obligation shall continue to be paid directly by
the male Debtor.

        4.      The treatment for secured creditors and additional provisions of the plan
are as follows:

**LONG-TERM CONTINUING DEBTS**

HSBC Mortgage Services                    $948.79                Long-term
(Deed of Trust)

HSBC Mortgage Services                                           $3,804.80
(Arrearages on deed of trust)

An arrearage claim is allowed in favor of said creditor in an amount equal to the
delinquent monthly payments through the month prior to confirmation, without interest,
and any arrearage claim filed prior to this date shall be amended by the Standing
Trustee's office to reflect such amount; and in addition thereto, said creditor shall
be paid its regular monthly payments in the amount as set forth above by disbursements
under this plan.  The indebtedness due said creditor is a long-term debt and is
nondischargeable pursuant to the provisions of 11 U.S.C. §1328.

ej

## OTHER SECURED CLAIMS

| CREDITOR | CLAIM AMOUNT | MONTHLY PAYMENT |
|---|---|---|
| HSBC Auto Finance<br>(1999 Dodge at 0% interest)<br>(Title Entry 10/17/04) | $16,586.88 | $494.00 |

The claim of **CitiFinancial** is allowed as unsecured since a copy of the certificate of title showing a properly perfected lien on the debtor's(s') automobile was not filed and said creditor shall have 60 days from the date of the Order to file a copy of the certification of title showing a perfected lien. If proof of a properly perfected lien is not timely filed, upon successful completion of the plan, the creditor shall cancel its lien. When a proof of a properly perfected lien is filed, the Standing Trustee shall pay the claim as secured at 9.5% interest or the contract rate, whichever is lower with a monthly payment of $296.00.

The claim of any junior lienholder, holding a lien on any collateral and not provided for above, shall be paid as an unsecured claim when said claim is timely and properly filed, and upon successful completion of the plan, such junior lien is cancelled. In the event any listed secured creditor shall fail to file a claim documenting evidence of a properly perfected lien, upon successful completion of the plan, the creditor shall cancel its lien.

## REAL PROPERTY TAXES

A claim for real property taxes, if any, shall be recognized as secured at the interest rate of 9% and paid in equal monthly installments as scheduled by the Trustee over the term of the plan, when said claim is timely and properly filed.

5.      The Standing Trustee shall review this case for an increase in payments in six months, if necessary; and therefore, may periodically review the Plan for adjustments to Plan payments.

6.      The Debtors will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, OR a minimum of _60_ monthly plan payments, with the plan to be reviewed periodically for plan payment adjustments;

7.      The Debtors will be responsible for payment of continuing long term nondischargeable debts after completion of plan payments;

**IT FURTHER APPEARING** to the Court that (a) the plan complies with the provisions of Chapter 13, and with other applicable provisions of Title 11 of the United States Code; (b) any fee, charge, or amount required under Chapter 123 of Title 28 of the United States Code, or by the plan, to be paid before confirmation has been paid; (c) the plan has been proposed in good faith and not by any means forbidden by law; (d) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors were liquidated under Chapter 7 on such date; (e) with respect to each allowed secured claim provided for by the plan: (i) the holder of such claim has accepted the plan; or (ii) the plan provides that the holder of such claim retain the lien securing such claim and the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim or (iii) the Debtors surrender the property securing such claim to such holder; (f) to the extent that the plan calls for payments for a period longer than three years, good cause has been shown for the longer plan period; and (g) the Debtors will be able to make all payments under the plan and to comply with the plan, and that the plan should be confirmed in accordance with the terms and conditions of this order; therefore, it is

ORDERED as follows:

1.     The plan is confirmed.

2.     The Trustee shall collect and disburse the plan payments in accordance with the plan and this confirmation order as soon as practicable.

3.     The plan payments shall continue as provided in the plan and this order until voluntarily increased by the Debtors or until further orders are entered affecting the plan or the payments.

4.     The attorney for the Debtors is allowed a fee in the amount of $2,500.00 of which the Debtors have paid $200.00 prior to the filing of this case, leaving a balance of $2,300.00 to be paid by the Trustee unless otherwise ordered by the Court.

5.     The Trustee shall receive from plan payments such expenses and compensation as provided under the Bankruptcy Code and orders of this Court.

6.     The Debtors shall not incur any indebtedness without the approval of the Trustee or this Court.  All credit cards shall be canceled and surrendered immediately.

7.     The Debtors shall not transfer any interest in property without the prior approval of this Court.

8.     The Debtors shall maintain collision insurance on any vehicle on which there is a lien.  If insurance is not maintained, the Debtors are ordered to store the vehicle as directed by the Trustee.

9.     The employer of the Debtors shall deduct and remit funds from the wages, salary or commissions of the Debtors as directed by the Trustee.

10.    Providing for a claim under this plan does not bar objections to the claim.

11.    Notwithstanding any provision of the plan to the contrary, all property of the estate, as specified by 11 U.S.C. §§541 and 1306, shall continue to be property of the estate following confirmation.

12.    The property serving as collateral for secured claims is valued at the amounts allowed herein with the exception of fully secured claims for which the value is deemed to be equal to or greater than the allowed secured claim.  The property serving as collateral for secured claims is required by the Debtors for successful completion of the plan.

13.    Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.

14.    Any continuing long term debt claimant being paid through disbursements by the Trustee is required to report any change in the monthly payment amount to the Trustee within 30 days from the effective date of the change.  Any continuing long term debt claimant being paid directly by the Debtors is required to report any change in the monthly payment amount to the Debtors within 30 days from the effective date of the change.

15.    All insurance and warranty coverage on unsecured general claims is canceled and the claim must reflect cancellation and rebate to the account unless provided otherwise herein.

16.    The Internal Revenue Service and the North Carolina Department of Revenue are authorized to offset any refund due the Debtors against any  allowed secured or priority claim and to issue refunds directly to the Debtors unless otherwise ordered by this Court or instructed by the Trustee.

17.    All creditors during the pendency of this case are restrained from commencing or continuing any civil action or attempting in any manner whatsoever to collect all or any part of a consumer debt proposed to be paid under this plan from any individual that is liable on such debt with the Debtors as endorser, guarantor or co-maker unless further ordered by the Court.

18.    The Trustee is authorized to record on the public records such documents as the Trustee may deem advisable for the purpose of giving all persons notice of this case.

RICHARD M. HUTSON, II
STANDING TRUSTEE
P.O. BOX 3613
DURHAM, NC 27702-3613